WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-14-00439-001-TUC-JCH (JR) |
| Plaintiff, | **ORDER** |
| v. | |
| Jesus Samaniego, | |
| Defendant. | |

Before the Court is Defendant Jesus Samaniego's Motion to Quash (Doc. 56) and Emergency Motion to Quash (Doc. 57). Defendant is currently serving a 228-month sentence imposed by the Southern District of Indiana at FPC Montgomery. (Doc. 57 at 1.) Defendant requests the Court quash his outstanding probation violation warrant/detainer in this district, issued on April 10, 2019, stating that the active Arizona detainer is preventing his transfer to community-based rehabilitation. (*Id.*) The Court ordered the Government to answer to the motions. (Doc. 59.)

The Government responds in opposition, stating that Defendant "does not allege any legal or procedural defects that would support quashing the arrest warrant and lifting the detainer." (Doc. 60 at 4.) The Court agrees. Supreme Court precedent establishes that a person accused of a probation violation must receive a revocation hearing "within a reasonable time" after the person is taken into custody for the violation. *Moody v. Daggett*, 429 U.S. 78, 86–87 (1976) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 488 (1972)). Defendant is not yet in custody for the probation violation. Accordingly, the Court will

deny Defendant's pending motions.

However, the Government recognized "that the pending arrest warrant and detainer potentially are impeding the defendant's prison classification and qualification for certain rehabilitative programs and benefits like community placement or home confinement." (Doc. 60 at 5.) As such, the Government

> asks the Court to set an initial appearance date for the defendant in the District of Arizona, Tucson Division. The chosen hearing date should be sufficiently set out to allow for the defendant's transfer from out of state. The United States recommends at least eight to twelve weeks to allow sufficient time for the defendant's transport into the District of Arizona. The United States also recommends reappointment of Jose Robles, Esq. as defendant's counsel of record, to facilitate a timely resolution of this matter.

(*Id.* at 6.) The Court will accommodate this request.

Accordingly,

**IT IS ORDERED denying** Defendant Jesus Samaniego's Motion to Quash (Doc. 56) and Emergency Motion to Quash (Doc. 57).

**IT IS FURTHER ORDERED reappointing** CJA Jose Robles as defendant's counsel of record in this matter.

**IT IS FURTHER ORDERED scheduling** an initial appearance on Defendant's second supervised release violation in this case for **July 9, 2026, at 2:00 PM** in front of Magistrate Judge Lynette C. Kimmins.

**IT IS FURTHER ORDERED directing** Assistant U.S. Attorney Michael R. Lizano to issue a writ securing Defendant Jesus Samaniego's transport from FPC Montgomery to the District of Arizona as soon as convenient for all involved and to ensure his presence at the initial appearance.

**IT IS FURTHER ORDERED** that if Defendant is transported to this district in advance of the initial appearance date, his counsel of record Jose Robles, Esq., may file a motion to expedite the initial appearance as he deems proper.

. . . .

. . . .

**IT IS FINALLY ORDERED granting** the Government's motion to unseal the January 27, 2016 Petition to Revoke Supervised Release (Doc. 60 at 2 n.1). The Clerk of the Court shall **unseal** the Petition (Doc. 53) and Amended Petition (Doc. 55).

Dated this 30th day of April, 2026.

_____
John C. Hinderaker
United States District Judge